## Barton and Wife *v.* Marsh.

COURTS OF CONCILIATION.—COSTS.—As the act of. 1865, repealing the law establishing courts of conciliation, contained no saving clause as to pending suits, costs cannot be taxed against the plaintiff in an action of slander tried after the repeal, on account of his failure to go into a court of conciliation.

APPEAL from the *Morgan* Circuit Court.

ELLIOTT, J.—The appellants sued *Marsh* in an action of slander, and recovered a judgment of fifty dollars. It does not appear by the record when the suit was commenced, but it was tried at the *November* term of said court in 1866. During the progress of the trial, the plaintiffs gave in evidence a certified transcript of the record of the court of conciliation, for the purpose of showing that the defendant had been duly notified to appear before the judge of the Court of Common Pleas of said county, on the 12th day of *December*, 1864, for the purpose of a conciliation and settlement of the same cause of action; that the plaintiffs appeared before said judge at the time and place specified, but the defendant made default. At the time the judgment was rendered in the action in the Circuit Court for the plaintiffs, on the verdict of the jury, the defendant moved the court to tax the plaintiffs with their own costs, on the ground that the record of the court of conciliation did not contain the notice served on the defendant. A rule was thereupon granted against the judge of the court of conciliation to certify a proper transcript of the proceedings had before him in said cause, and the motion to tax the costs was continued to a subsequent term. An amended transcript of the proceedings in the court of conciliation was afterwards filed, containing a copy of the notice served on the defendant. This transcript shows that the defendant was required to appear on the 12th of *December*, 1865, and the proceedings are of that date, though the notice is dated *December* 7, 1864. At the *November* term, 1867, the motion for taxing the costs in said cause was again presented, when

the court sustained the defendant's motion, and taxed the costs made by the plaintiffs in said cause to the plaintiffs, to which they excepted, and bring that question on appeal to this court.

We do not find it necessary to examine the objections made to the record of the court of conciliation, as the legislature, at its special session in 1865, very properly, as we think, repealed the act establishing courts of conciliation. The repealing act contains no saving clause as to pending suits, but it does contain an emergency clause, by which it is declared to be in force from and after its passage. It was approved *December* 20, 1865, and was therefore in force from and after that date. Acts Spec. Sess. 1865, p. 163.

This cause, as the record shows, was tried in *November*, 1866, and hence, at the date of the trial, there was no law requiring the production of the record of a court of conciliation, or authorizing the court to tax the costs made by the plaintiffs to them. The plaintiffs were entitled to a judgment for costs, and the court erred in sustaining the defendant's motion to tax the plaintiffs with their own costs.

The order is reversed, with costs, and the cause remanded, with instructions to the Circuit Court to render judgment in favor of the plaintiffs for costs.

*W. R. Harrison* and *W. S. Shirley*, for appellants.

*C. F. McNutt* and *A. Ennis*, for appellee.